# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:00-cr-137-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **DONTE RAESHEON JOHNSON,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 413), and on the Government's Motion to Dismiss, (Doc. No. 418).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Defendant claims to have submitted a request for compassionate release with the Warden. In support of this assertion, Defendant has provided a document titled "Attempt at Informal Resolution" dated August 4, 2020. (Doc. No. 413-1 at 3). The document requests consideration for compassionate release, however the document is not dated, is not signed, and the BOP has confirmed that there is no record of this request being submitted. (Doc. No. 418 at n.1). Furthermore, the Government requested a copy of Defendant's compassionate release request from the BOP, and any denial of such request, and that BOP confirmed that there was no record of a request for compassionate release filed by Defendant. (Id. at 3). Accordingly, the Government asserts in its motion to dismiss, Defendant has not exhausted his administrative remedies before

1

filing the pending motion. (Id. at 5).

Defendant bears the burden of showing that this document was in fact submitted to the BOP. United States v. Huitt, No. 3:16-CR-206-MOC, 2021 WL 2226486, at *1 (W.D.N.C. June 2, 2021); United States v. Van Sickle, No. CR18-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Without record of the request in the BOP national database or a signature on the appended document to Defendant's motion, this Court cannot find that all administrative remedies have been exhausted.

Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion for compassionate release and grants the Government's motion to dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 413), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP. Furthermore, the Government's Motion to Dismiss, (Doc. No. 418), is **GRANTED**.

Signed: June 9, 2023

Max O. Cogburn Jr
United States District Judge